**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICIA A. SWIMS UNDER, | No. 11-35194 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-00049-SEH |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted February 7, 2012[**]
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and BEISTLINE, Chief
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ralph R. Beistline, Chief District Judge for the U.S.
District Court for Alaska, sitting by designation.

Patricia Ann Littleplume (formerly known as, and hereinafter referred to as, "Swims Under") appeals from the district court's decision affirming the Commissioner of Social Security's final decision, which concluded that Swims Under is not entitled to Disability Insurance Benefits under Title II or Supplemental Security Income under Title XVI of the Social Security Act. 42 U.S.C. §§ 401–34, 1381–83f. We have jurisdiction under 28 U.S.C. § 1291, and we **REVERSE** and **REMAND** to the district court with instructions to remand to the Administrative Law Judge.

We review the district court's decision upholding the Commissioner's denial of benefits *de novo*. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). We reverse the Commissioner's decision only when it is not supported by substantial evidence or is based on legal error. *Id.*

There is no question that Swims Under has several severe impairments, including, as the ALJ found, problems with her left rotator cuff, right hip degenerative joint disease, and left knee degenerative joint disease, with history of replacements and surgical interventions. The legal dispute is on impacts of these impairments, and on the intensity, persistence and limiting effects they generated. Swims Under contends that the ALJ improperly discounted her credibility regarding the intensity, persistence, and limiting effect of her symptoms. The

general rule is that "[t]o discredit a claimant's testimony when a medical impairment has been established," the ALJ must "cite the reasons why the claimant's testimony is unpersuasive." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (internal citations, quotation marks, and alterations omitted). Because "the ALJ did not find 'affirmative evidence' that the claimant was a malingerer," those reasons must be "clear and convincing." *Id.*

We conclude that in light of Swims Under's serious impairments, her restricted activities of daily living and her limited and sporadic work history, clear and convincing reasons to disbelieve her statements about intensity of pain, persistence of problems and limiting effects of her symptoms were not shown by the ALJ. On the record before us, we do not sustain the negative credibility assessment.

The ALJ concluded that Swims Under's daily activities were "not indicative of disabling or uncontrolled pain and incapacitating limitations." But "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits," *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). In our view, Swims Under's daily activities are neither inconsistent with her claimed limitations and pain, nor do they imply that she could return to work. Her past work record as a personal care assistant, cooking at McDonalds, and cleaning rooms and making

beds at motels was not extensive.  As for work at home, Swims Under testified that her husband and teenage son do the housework, that she grocery shops once a month using a riding cart with the help of another member of her household, that she watches her 3-year-old grandson for a few hours during the day, and that she spends a great part of her waking hours in her recliner resting her back and legs. These restricted activities of daily living do not undermine the credibility of Swims Under's subjective complaints.

Because the ALJ's reasons for finding that Swims Under was not entirely credible were not in our view clear and convincing, we reverse the decision of the district court and instruct it to remand this case to the ALJ for a redetermination of Swims Under's credibility and residual functional capacity and for further determinations consistent with this decision.[1]

**REVERSED and REMANDED with instructions.**

---

[1] Swims Under also contends that the Magistrate Judge erred by entering his findings and recommendations before the deadline to file her reply brief.  The Magistrate Judge erred procedurally, but this error was harmless because Swims Under does not identify any prejudice she suffered as a result.  She was, moreover, able to present all arguments to the district court that she might have placed in a reply before the ALJ.